UNITED STATES DISTRICT COURT Eastern District of Kentucky
EASTERN DISTRICT OF KENTUCKY          FILED
NORTHERN DIVISION                     AUG 1 7 2023
ASHLAND

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                    INDICTMENT NO. 0:23-CR-15-DLB-CJS

NATHANIEL K. LUMPKINS

\* \* \* \* \*

THE GRAND JURY CHARGES:

General Allegations

At all times relevant to this Indictment:

1.      The Woodsbend Youth Development Center ("Woodsbend") was a facility

of the Kentucky Department of Juvenile Justice ("DJJ") responsible for the custody, care,

and control of juveniles. Woodsbend was located in West Liberty in Morgan County,

Kentucky.

2.      The Defendant, **NATHANIEL K. LUMPKINS**, was a DJJ employee who

held the rank of Youth Worker II and was responsible for the custody, care and control of

juveniles housed at Woodsbend.

3.      L.J. was a fifteen-year-old juvenile who was housed at Woodsbend. ·

4.      Each of these allegations is hereby referenced and incorporated into each

count of this Indictment.

## COUNT 1
## 18 U.S.C. § 242

On or about January 23, 2019, in Morgan County, in the Eastern District of

Kentucky,

## NATHANIEL K. LUMPKINS,

while acting under color of law as a youth worker employed by the DJJ, willfully

deprived L.J. of the right, protected and secured by the Constitution and laws of the

United States, to be free from the deprivation of liberty without due process of law,

which includes the right to be free from unreasonable force used by a DJJ employee.

Specifically, **LUMPKINS** used unreasonable force during an attempt to restrain L.J.,

resulting in bodily injury (including a broken arm) to L.J., all in violation of 18 U.S.C.

§ 242.

## COUNT 2
## 18 U.S.C. § 1519

On or about January 24, 2019, in Morgan County, in the Eastern District of

Kentucky,

## NATHANIEL K. LUMPKINS,

acting in relation to and in contemplation of a matter within the jurisdiction of the Federal

Bureau of Investigation, an agency of the United States, knowingly falsified and made

false entries in a record and document with the intent to impede, obstruct, and influence

the investigation and proper administration of that matter. Specifically, **LUMPKINS**

wrote and signed a DJJ Isolation/Incident Report Form Addendum intended to cover up

the use of force described in Count 1. In this report, (1) **LUMPKINS** claimed that L.J.

threatened to kill staff and became physically aggressive towards staff and that he

attempted to escort L.J. in an attempt to calm L.J. down; (2) **LUMPKINS** omitted that he

used an improper control technique on L.J.; and (3) **LUMPKINS** omitted that, following

the initial use of force, **LUMPKINS** slammed L.J.'s injured arm into a wall. These

statements were false and misleading because, as **LUMPKINS** then well knew: (1) L.J.

had not threatened to kill or been physically aggressive towards staff, and **LUMPKINS**

did not attempt to escort L.J. in an attempt to calm him down; (2) **LUMPKINS** used an

improper control technique on L.J.; and (3) **LUMPKINS** slammed L.J.'s injured arm into

a wall. All in violation of 18 U.S.C. § 1519.

_____
**CARLTON S. SHIER, IV**
**UNITED STATES ATTORNEY**

## PENALTIES

**Count 1:** Not more than 10 years imprisonment, $250,000 fine, and 3 years supervised release.

**Count 2:** Not more than 20 years imprisonment, $250,000 fine, and 3 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.